STATE OF VERMONT

ENVIRONMENTAL COURT

In re Mount Snow, Ltd. Parking Plan }
    (Application #05-MS100-05) } Docket No: 227-10-05 Vtec
    (Appeal of Vermont Wild Hotel, Inc.) }

Decision and Order on Motion to Withdraw Application and Dismiss Appeal

Appellant Vermont Wild Hotel, Inc. appealed from a decision of the Development Review Board (DRB) of the Town of Dover granting an amendment to Appellee-Applicant Mount Snow, Ltd.'s Planned Unit Development, approving a master parking plan showing 4,139 parking spaces. Appellant is represented by Thomas M. French, Esq. and Potter Stewart, Jr., Esq.; Appellee-Applicant is represented by Thomas G. Montemagni, Esq.; and the Town is represented by Joseph S. McLean, Esq. Appellee-Applicant has moved to withdraw the application, has filed its consent to the Court's vacating the underlying DRB decision, and has moved to dismiss the appeal as moot.

Applicant Mount Snow, Ltd. obtained approval from the Dover Development Review Board of an amendment to its Planned Unit Development approving a master parking plan for 4,139 parking spaces, of which approximately 126 parking spaces involve land about which Appellant Vermont Wild Hotel, Inc. contests Applicant's property rights to use for parking. The DRB decision approving that master parking plan was denominated #05-MS100-05 (the -05 Permit). Appellant appealed that decision to Environmental Court in the present appeal (Docket No. 227-10-05 Vtec).

While this appeal was pending, Applicant submitted a new application to the DRB for approval of a revised master parking plan that contained a total of 4,228 parking spaces, which would provide the 4,096 spaces required by the zoning ordinance even without

1

counting the contested spaces. The DRB decision approving the subsequent master parking plan was denominated #05-MS100-07 (the -07 Permit). The -07 permit decision clearly lays out that the spaces were calculated as the spaces approved in the -05 decision, deducting the spaces for another use allocated in a separate unappealed decision on application #05-MS100-04, and deducting the spaces allocated for property being sold in a separate unappealed decision on application #05-MS100-06, and adding the spaces approved in a remote (golf course) parking lot in the -07 permit decision. No party appealed the -07 permit decision (including the issue Appellant now seeks to raise regarding the DRB's jurisdiction to consider that subsequent application), and therefore no aspect of the -07 permit decision is before the Court. 24 V.S.A. §4472(a).

Applicant now moves to withdraw its permit application underlying the -05 permit decision, agrees that the DRB decision on that application may be vacated, and moves for the dismissal of the above-captioned appeal as moot. Appellant opposes the request, arguing that the DRB lacked jurisdiction to act on the -07 application while the -05 appeal was pending in this Court.

Strictly speaking, as the -07 decision of the DRB was not appealed, even if it had been improperly granted it would not be before the Court for consideration. In any event, the fact that an appeal is filed does not divest a DRB of jurisdiction to consider a subsequent application, so long as that subsequent application is sufficiently different from what had been proposed in the application on appeal. Cf. 24 V.S.A. §4470(a).

Moreover, Appellant appears to be under the mistaken impression that it could have litigated, in the above-captioned appeal on the -05 permit, the merits of its claim that Applicant was precluded from using any spaces along the roadway right-of-way, based on the language in the parties' deeds. This court does not have jurisdiction to decide the parties' respective property rights in the roadway right-of-way. If Questions 5 and 6 of the Statement of Questions could not have been resolved without resolution of the property

2

rights issues, this Court would have considered placing this appeal on inactive status until the parties would have resolved their property rights issues in Windham Superior Court.

The parties remain free to do so. All that was approved in the unappealed -07 permit is approval of a parking plan for the PUD as a whole. Neither the DRB nor this Court could rule on whether property rights issues preclude Applicant from using the contested spaces; that property rights question is not affected by whether or not those spaces appear in the approved parking plan, whether or not they are designated as "extra" spaces, or whether the former parking plan shown in the -05 permit is or is not the subject of an active appeal in Environmental Court.

Accordingly, Applicant's motion to withdraw the application underlying this appeal, to vacate the DRB decision underlying this appeal, and for the dismissal of this appeal as moot, is GRANTED, concluding the above-captioned appeal.

Done at Berlin, Vermont, this 24th day of January, 2006.

_____
Merideth Wright
Environmental Judge